**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER PAGEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:05-CV-1875 CAS |
| KMART CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court following the Court's Order Concerning Removal. Defendant filed a response to the order. Plaintiff did not. For the reasons set forth below, the Court concludes it lacks subject matter jurisdiction over this action and therefore the case should be remanded.

**I. BACKGROUND**

Plaintiff initially filed suit in the Circuit Court of the City of St. Louis, Missouri. Plaintiff alleges that defendant Kmart Corporation, through its pharmacist, filled a prescription incorrectly, causing her to suffer tachycardia, irregular heart rate and an increased risk of future pulmonary and cardiac injury. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

This Court issued its Order Concerning Removal requiring defendant to establish to a legal certainty the existence of the requisite amount in controversy for diversity jurisdiction. In response to the order, defendant contends that the amount in controversy is satisfied "based on the nature and extent of the personal injuries plaintiff presently claims, and the extensive, ongoing, and specialized medical treatment she has allegedly received and will allegedly continue to receive." Defendant further states that "considering plaintiff's own petition, these allegations, if true, clearly make

plaintiff's potential damages in excess of $75,000.00. Defendant also state that considering plaintiffs' Rule 26(a) Initial Disclosures, which reference various medical providers in the context of the "damages" allegations, plaintiff apparently has received significant medical treatment for her claimed injuries such that it is more likely than not that the amount in controversy exceeds $75,000.00. Defendant finally notes plaintiff has not filed a motion to remand or otherwise disputed defendant's contentions regarding the amount in controversy.

## II.     DISCUSSION

As an initial matter, it is uncontroverted that complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir.1969). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n. 7 (1987). Therefore, any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993); McHugh v. Physicians Health Plan of Greater St. Louis, 953 F.Supp. 296, 299 (E.D.Mo.1997); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing;" thus, "uncertainties are resolved in favor of remand.")

The amount in controversy requirement of diversity jurisdiction is strictly construed, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969); Visintine v. Saab Auto., A.B., 891 F.Supp. 496, 498 (E.D.Mo.1995). Where a court questions whether the amount alleged to be in controversy is legitimate, "the party invoking federal

jurisdiction must prove the requisite amount by a preponderance of the evidence." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (quoting Missouri ex rel. Pemiscot County v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995)). "This rule applies even in a removed case where the party invoking jurisdiction is the defendant." Id. (citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003)).

Plaintiff's petition contains the standard language listing a litany of injuries, but no evidence has been presented of plaintiff medical bills. Nor is there any evidence concerning the amount of lost wages or any other items of damage. Having considered the arguments and lack of evidence offered by defendant in support of removal, the Court finds that defendant has failed to prove by a preponderance of the evidence that plaintiff will recover an amount in excess of $75,000.00.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action, and the same should be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

                **CHARLES A. SHAW**
                **UNITED STATES DISTRICT JUDGE**

Dated this 9th day of March, 2006.